```
           UNITED STATES DISTRICT COURT        FILED
          NORTHERN DISTRICT OF ALABAMA   01 JUN 21 PM 4:13
                  SOUTHERN DIVISION
                                              N.D. OF ALABAMA
JOSEPH H. BUCCHINO,             )
                                )
     Plaintiff,                 )
                                )
vs.                             )    Civil Action No. CV 01-S-0702-S
                                )
PENSACOLA PROFESSIONAL HOCKEY   )
CLUB, INC.; BIRMINGHAM          )
PROFESSIONAL HOCKEY CLUB,       )           ENTERED
L.L.C.; and DAVID BERKMAN,      )
                                )           JUN 21 2001
     Defendants.                )
```

### MEMORANDUM OPINION

This action is before the court on defendants' motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted (doc. no. 12) and plaintiff's motion for leave to file an amended complaint (doc. no. 19). Upon consideration of the motions, pleadings, and briefs, the court concludes that defendants' motion is due to be denied, and plaintiff's granted.

### I. STANDARDS GOVERNING A RULE 12(b)(6) MOTION TO DISMISS

In general, a court may dismiss a complaint for failure to state a claim upon which relief can be granted "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of plaintiff's complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct.

Birmingham Hockey, and reading: "This letter serves as notice of the termination of your employment with the Birmingham Bulls and Steeldogs effective on the date two weeks of the date hereof, February 5, 2001. We have valued your services as an employee and wish you success in your future endeavors."[4]

Plaintiff initiated this action on March 21, 2001. He named as defendants Birmingham Hockey, an Alabama limited liability company, Pensacola Professional Hockey Club, Inc. ("Pensacola Hockey"), a Tennessee corporation, and David Berkman ("Berkman"), a resident of Atlanta, Georgia. Berkman allegedly is the "sole or dominant shareholder of" both Birmingham Hockey and Pensacola Hockey.[5]

Plaintiff alleges that Pensacola Hockey and Birmingham Hockey are business entities with interrelated operations and common ownership, financial control, and management.[6] Plaintiff also contends that Birmingham Hockey "is a mere adjunct, instrumentality, and/or alter ego of both Berkman and [Pensacola Hockey]"; and that, through misuse of Birmingham Hockey's corporate

---

[4] See Doc. No. 19 (plaintiff's brief in opposition to motion to dismiss, and, motion for leave to amend), Exhibit B.

[5] Complaint (doc. no. 1), ¶ 4.

[6] Plaintiff further asserts that Pensacola Hockey "is a successor in interest to [Birmingham Hockey] with regard to rights and obligations connected with the operation of a professional hockey team known as the Pensacola Ice Pilots." *Id.*, ¶ 6.

5

structure by Pensacola Hockey and Berkman, he has suffered injury.[7] Accordingly, plaintiff seeks to impose liability on all defendants for breach of contract[8] by "piercing the corporate veil."[9]

Count III is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and seeks the recovery of benefits allegedly due plaintiff under the terms of an employee welfare benefit plan. Plaintiff asserts that defendants have neither offered him continuation rights in connection with the plan, nor paid medical benefits which are due.[10]

Count V alleges that Berkman, "a stranger to The Employment Agreement, purposely and maliciously interfered with [plaintiff's] rights thereunder, and also with [plaintiff's] business relationship with [Birmingham Hockey and Pensacola Hockey]."[11] The remaining claims in plaintiff's complaint — Counts IV and VI — seek the recovery of pre-judgment interest and attorneys' fees from all defendants.

---

[7] Id. ¶¶ 21, 24.

[8] Id., Count II, ¶¶ 25-27.

[9] Id., Count I (piercing the corporate veil), ¶¶ 20-24.

[10] Id., Count III (ERISA claim), ¶¶ 28-35.

[11] Id., Count V (Tortious interference claim), ¶¶ 40-44.

6

### III. DISCUSSION

#### A. Piercing the Corporate Veil

Defendants Pensacola Hockey and Berkman contend that claims seeking to impose liability by "piercing the corporate veil" sound in fraud and, hence, must be pled with specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) stands in contrast to the generous pleading requirements of Rule 8(a) and provides in part that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

> By its terms, the particularity requirement in Rule 9(b) applies only to averments of fraud. <u>Since the rule is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the federal rules, its scope of application should be construed narrowly and not extended to other legal theories or defenses</u>.

Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1297, at 615 (2d ed. 1990) (emphasis supplied).

When determining whether a complaint must comply with either Rule 8(a) or Rule 9(b), the court must first measure the claim against the applicable substantive law. The Alabama Supreme Court has held that "[t]o pierce the corporate veil, a plaintiff must show fraud in asserting the corporate existence <u>or</u> must show that recognition of the corporate existence will result in injustice or

7

inequitable consequences." *Backus v. Watson*, 619 So. 2d 1342, 1345 (Ala. 1993) (emphasis supplied). *See also Whatley v. Merit Distribution Services, Inc.*, No. 99-0166-CB-S, 2001 WL 228053, at *2 (S.D. Ala. Feb. 5, 2001) ("[M]ere control or domination of a corporation is not enough [to pierce a corporate veil] because a Plaintiff must show fraud in asserting the corporate existence <u>or</u> must show that recognition of the corporate existence will result in injustice and/or inequitable consequences.") (emphasis supplied); *Co-Ex Plastics, Inc. v. Alapak, Inc.*, 536 So. 2d 37, 38 (Ala. 1988) ("It is also a well-settled rule in this State that the corporate form can be set aside, ... <u>even in the absence of fraud</u>, as a means of preventing injustice or inequitable consequences.") (emphasis supplied). Thus, contrary to defendants' assertions, a party is not required to establish fraud when seeking to pierce the corporate veil in Alabama. *See generally Laborers Combined Funds of Western Pennsylvania v. Ruscitto*, 848 F. Supp. 598, 600 (W.D. Pa. 1994) ("Generally ... pierce the corporate veil claims are evaluated applying the notice pleading standard of Rule 8(a), unless fraud is a necessary element of the claim.").

A review of plaintiff's complaint reveals no claims based on fraud. The nature of plaintiff's action is to recover damages and

8

equitable relief for breach of contract, violation of ERISA, and Berkman's alleged tortious interference with plaintiff's contractual or business relations. Accordingly, the court will not judge the sufficiency of the complaint under the heightened pleading standards of Rule 9(b), but under the liberal standards of Rule 8(a). The court finds that Count I of the complaint gives sufficient notice of plaintiff's intention to impose liability on Pensacola Hockey and Berkman because they were the mere adjuncts, instrumentalities, or alter egos or Birmingham Hockey.[12] Therefore, defendants' motion to dismiss pursuant to Rule 12(b)(6) will be denied insofar as it pertains to plaintiff's claims that are dependent upon his ability to "pierce the corporate veil."

## B.  Count V (Tortious Interference)

With respect to Count V, which is asserted against defendant

---

[12] Paragraphs 21 through 24 of Count I of plaintiff's complaint asserts the following:

21.  [Birmingham Hockey] is a mere adjunct, instrumentality and/or alter ego of both Berkman and [Pensacola Hockey].

22.  Defendant's Berkman and Pensacola Hockey have misused the corporate structure of [Birmingham Hockey].

23.  The Defendants are fraudulently asserting the corporate existence of [Birmingham Hockey], the recognition of which would result in injustice and inequitable consequences.

24.  As a result of the misuse of the corporate structure by Defendants Berkman and [Pensacola Hockey], Bucchino has suffered harm.

9

Berkman only, Berkman contends that it should be dismissed because plaintiff has failed to allege an essential element of the claim — that Berkman was acting outside of the scope of his employment. There are three elements of a prima facie case for intentional interference with contractual relations under Alabama law:

(1) defendant's knowledge of the contract or business relation;

(2) intentional interference by defendant with the contract or business relations; and

(3) damage to the plaintiff as a result of defendant's interference. ...

When the named defendant is an employee or officer of a corporation or employer with a contractual or business relationship with plaintiff ... <u>the individual may be subject to liability for tortious interference only if he acted outside the scope of his employment and acted with actual malice at the time of his alleged interference</u>. ...

*Morrow v. Auburn University at Montgomery*, 973 F. Supp. 1392, 1409 (M.D. Ala. 1997) (emphasis supplied). "[W]hile notice pleading may not require that the pleader allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, No. 00-10231, 2001 WL 63935, at *4 (11th Cir. June 8, 2001) (internal quotations

10

omitted). Here, plaintiff's complaint does not allege either that Berkman acted outside the scope of his employment, or state facts from which such a conclusion could be reasonably inferred.

The Eleventh Circuit requires that a plaintiff be afforded an opportunity to amend when it appears that a more adequately pled complaint might state a claim that would survive a motion to dismiss. *See, e.g., Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) ("Where a more carefully drafted complaint might state a claim upon which relief could be granted, the district court should allow the plaintiff [an opportunity] to amend the complaint rather than dismiss it.") (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff <u>must be given at least one chance to amend</u> the complaint before the district court dismisses the action with prejudice.") (emphasis supplied)). Accordingly, the court will deny defendants' motion to dismiss with respect to Count V, and allow plaintiff leave to amend.[13]

---

[13] Defendants have also argued that "on the one hand plaintiff alleges that Berkman is a stranger to the transaction, while on the other he alleges that Berkman is so intimately involved in the operations of the entities as to be the alter ego of the corporate defendants." Defendants' brief in support of the motion to dismiss, at 4.

Rule 8(e)(2) of the Federal Rules of Civil Procedure allows a plaintiff to assert all claims "regardless of consistency." Pursuant to this rule,

> [a] party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in

11

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for failure to state a claim (doc. no. 12) is due to be denied, and plaintiff's motion for leave to file an amended complaint (doc. no. 19) shall be granted. An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 21st day of June, 2001.

*[signature]*
United States District Judge

---

separate counts or defenses. ... A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

Fed. R. Civ. P. 8(e)(2). Thus, a party may plead alternative and inconsistent legal theories and factual elements. See generally Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1283 (2d ed. 1990). Accordingly, defendant's argument based on the apparent inconsistency of plaintiff's allegations is not at all persuasive.

12